**Robert OLSON, Appellant,**

v.

**Terry REAVIS and Mindi Reavis, Appellees.**

No. 76115.

Court of Appeals of Oklahoma, Division No. 2.

July 20, 1993.

As Corrected Oct. 5, 1993.

Robert Olson, pro se.

Richard T. Garren, Tulsa, for appellees.

BRIGHTMIRE, Judge.

The dispositive question in this action—to recover the amount due on a student dental school loan—is whether the trial court erred in sustaining a demurrer to the plaintiff's evidence and granting the defendants judgment after concluding that "the Statute of Limitations had run out and that there was not enough evidence to show a right to recovery."

The plaintiff appeals from an order overruling his motion for a new trial.

We reverse the trial court judgment and remand the cause with directions.

## I

Plaintiff Robert Olson filed this action April 3, 1989, seeking a judgment for monies he says he and his former wife loaned to his then brother-in-law, defendant Terry Reavis, during the years 1983, 1984 and 1985. The total amount loaned was allegedly $4,650. The purpose of the loan was to help defendant Reavis through dental school and was to be repaid when Reavis finished dental school.

In June 1988 the plaintiff and Reavis' sister, Jane Reavis Olson, were divorced. In the divorce decree the court found that among the marital assets was a "certain loan due from Terry Reavis in the amount of $4,970." In dividing the assets the court awarded this receivable to Robert Olson "free and clear of any claims, rights, or interest whatsoever of [Jane Reavis Olson]."

It was also in June 1988 that Reavis established a dental practice. In January 1989 the plaintiff made a demand on Reavis

and his wife for repayment of the loan. Reavis refused, and Olson filed his petition a few weeks later.

The defendants filed answers in which they: (1) denied that the plaintiff and his then wife loaned them any money to help Reavis through dental school; (2) denied that the plaintiff's former wife kept an account as to the amounts loaned to Reavis; (3) denied the correctness of provisions of the June 1988 divorce decree; (4) admitted that the plaintiff made a demand on them for payment of the debt and furnished them with certain supporting information. They raised the following defenses: Statute of limitations; statute of frauds; failure to state a cause of action; failure of consideration; payment; waiver and/or estoppel. They also pleaded that any money delivered to them was a gift from Jane Olson, but if it was a loan then the agreement was that defendant Reavis would repay "by performing dental services for Jane Olson's children."

Trial was held June 13, 1990. The plaintiff adduced evidence and rested. The defendants demurred to the plaintiff's evidence. The trial court "concluded the Statute of Limitations had run out and that there was not enough evidence to show a right to recovery," and entered judgment for the defendants.[1]

The plaintiff filed a motion for new trial and it was overruled.

This appeal was timely filed.

## II

The core issue, then, is whether the plaintiff presented sufficient evidence to establish, prima facie, a timely brought case of contractual liability on the part of defendants Terry and Mindi Reavis for the amount due on a dental-school related loan.

We hold he did.

Subject loan agreement is an oral one and is therefore governed by the three-year statute of limitations prescribed in 12 O.S.

1. Ordinarily when a demurrer to a party's evidence is sustained, the action should be dismissed. missed.

1991 § 95 (Second). The evidence relevant to this issue is as follows: In 1983 the plaintiff's then wife, Jane Reavis Olson, came to him "and asked ... if we could loan Terry Reavis some money to go to dental school." He said he hesitated but agreed when "she rather scathingly said he would pay it back." His wife then began writing checks to her brother and on some of them she wrote "loan" in the lower left-hand corner of the check.[2] Also placed in evidence was a copy of a "Personal Savings Account Record" on which Jane Reavis Olson is said to have written: "Terry loan. Aug. 83 1,000.00 Jan. 84 300.00 May 84 300.00 June 84 300.00 June 84 400 Dec. 84 500 Jan. 85 200.00." Another record kept by Jane Reavis Olson in 1983 or 1984 is as follows: "[Check No.] 1186 5/25 Terry Reavis Loan 300.00." Jane Reavis Olson denied making some of the notations.[3]

■ The trial court excluded the divorce decree on the ground that the finding by the divorce court—that the subject transfer of funds to Terry Reavis was a "loan"—was not binding on the defendants.[4] The plaintiff also adduced evidence that the amount of the loan was $4,550 and that during a telephone conversation in the first part of 1989 Terry Reavis told the plaintiff if he was worried about the money he, Terry Reavis, "was keeping track of every penny of it and he would repay it when he got—when he got out of dental school. He said, don't worry about the money, I'll pay you back. I said, okay."

The plaintiff further testified that after this action was filed he called and talked to defendant Mindi about repayment of the loan. She "said there was no doubt that they borrowed the money, it was just a question of who they pay it back to,"—a question, as we mentioned earlier, resolved in the Olson divorce decree.

■ This evidence, if taken as true, requires a finding that the action was timely brought. The applicable statutory limitation for bringing an action to enforce an unwritten express or implied contract is three years from the date the cause of action accrues. 12 O.S.1991 § 95 (Second). With respect to a loan agreement, a cause of action does not accrue until repayment is due, which in this case was sometime after Reavis graduated from dental school. And where, as here, the agreement does not establish a *specific time* for repayment, the statute of limitations does not begin to run until expiration of a reasonable time for performance. *Newman v. Roach,* 111 Okl. 269, 239 P. 640 (1925); 15 O.S.1991 § 173. The plaintiff's evidence is that repayment of the Reavis loan became due when Terry Reavis finished dental school. Reavis got his dental degree in 1987 and the plaintiff made a demand for repayment early in 1989. When repayment was not forthcoming this action was commenced a few weeks later—well within the three-year statutory period.

### III

Since the plaintiff's evidence is sufficient to show that he has a right of recovery for a loan made to the defendants and that this action was timely brought, the judgment appealed, including the $4,571 attorney's fee awarded to the defendants, is reversed and the cause is remanded for a new trial with instructions to proceed in a manner not inconsistent with the foregoing views.

REIF, V.C.J., and RAPP, P.J., concur.

---

**2.** There were numerous objections made during the plaintiff's presentation of his case, including some on the ground of hearsay.

**3.** The relationship between the plaintiff and his former wife deteriorated to the point of bitterness following the filing of the divorce action.

**4.** We hold, however, the decree was admissible for two limited purposes: (1) to show that the property settlement portion was pursuant to an agreement between Olson and his ex-wife; and (2) to show that in the Olson decree subject fund was *treated* as a loan and that all of whatever interest Jane Reavis Olson had in it was extinguished.